**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**CURRENCY $41,180.97 IN THE FORM OF CHARTER ONE/CITIZENS BANK OFFICIAL CHECK #500738627-8, et al.,**

    **Defendants.**
_____/

**CIVIL ACTION NO. 13-CV-14274**

**DISTRICT JUDGE ARTHUR J. TARNOW**

**MAGISTRATE JUDGE MONA K. MAJZOUB**

**OPINION AND ORDER DENYING CLAIMANT'S**
**MOTION FOR CHANGE OF VENUE [27]**

Before the Court is Claimant Levan Drugs #3, LLC's Motion for Change of Venue. (Docket no. 27.) Plaintiff United States of America responded to Claimant's Motion (docket no. 34.), and Claimant replied to Plaintiff's Response (docket no. 35). Plaintiff has also filed a Sealed Declaration in support of its Response to Claimant's Motion. (Docket no. 39.) The Motion has been referred to the undersigned for consideration. (Docket no. 37). The undersigned has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The undersigned is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.   Background**

On October 8, 2013, Plaintiff filed a Complaint for Forfeiture *in rem* alleging that seizure of Defendants *in rem* was warranted based on information and belief that the funds were the proceeds of illegal prescription drug trafficking activities and/or money laundering transactions. (*See* docket no. 1.) Defendants *in rem* consist of the following:

a. Charter One/Citizens Bank Official Check #500738627-8, Valued at $41,180.97, representing funds seized on or about April 24, 2013 from Charter One/Citizens Bank Business Green Checking Account #6232301130, held in the name of Levan Drugs No. 3 LLC d/b/a Troy Pharmacy;

b. Charter One/Citizens Bank Official Check #500738626-0, Valued at $5,222.62, representing funds seized on or about April 24, 2013 from Charter One/Citizens Bank Business Green Checking Account #6232301726, held in the name of Levan Drugs No. 3 LLC d/b/a Troy Pharmacy;

c. Charter One/Citizens Bank Official Check #500738629-4, Valued at $327,625.97, representing funds seized on or about April 24, 2013 from Charter One/Citizens Bank Business Advisor Checking Account #6232301734, held in the name of Levan Drugs No. 3 LL[C] d/b/a Troy Pharmacy;

d. Charter One/Citizens Bank Official Check #500738628-6, Valued at $55,684.08, representing funds seized on or about April 24, 2013 from Charter One/Citizens Bank Business Green Checking Account #6232301718, held in the name of Levan Drugs LLC d/b/a Troy Pharmacy;

e. Charter One/Citizens Bank Business Advisor Checking Account #6232301734, Valued at $251,280.54, seized on or about April 29, 2013, held in the name of Levan Drugs No. 3, LLC d/b/a Troy Pharmacy;

f. Charter One/Citizens Bank Official Check #7000140250, Valued at $314,509.93, representing funds seized on or about May 20, 2013 from Charter One Bank Account #6232301734, held in the name of Levan Drugs No. 3, LLC d/b/a Troy Pharmacy;

g. Charter One/Citizens Bank Official Check #500705509-7, Valued at $9,835.10, representing funds seized on or about May 2, 2013 from Charter One/Citizens Bank Business Advisor Checking Account #6232301718, held in the name of Levan Drugs No. 3 LLC d/b/a Troy Pharmacy; [ ]

h. First National Bank of Pennsylvania Official Check #290904694, Valued at $150,000.00, representing funds seized on or about April 24, 2013, from First National Bank of Pennsylvania Business Checking Account #95036723, held in the name of Levan Drugs No. 3 LLC d/b/a Troy Pharmacy; [and]

i. One Hundred Eight Thousand Three Hundred Sixty-Two Dollars and Thirty-Two Cents ($108,362.32) in U.S. currency from TD Bank, N.A., Account 4256770558, captioned as Credit Card Processing (USA) Inc. d/b/a Merchant

Services Inc. Risk Reserve Account.

(Docket no. 1 ¶ 6.a.-h.; Docket no. 45 ¶ 6.i.)

Specifically, Plaintiff alleges that a United States Drug Enforcement Administration (DEA) investigation established that Registered Pharmacist Babubhai Patel was part of a conspiracy of doctors, pharmacists, patients, street drug dealers, and others that involved billing patients and insurers for pharmaceutical drugs that were medically unnecessary. (Docket no. 1 ¶ 12.a.) Patel was charged with and convicted of multiple criminal charges in the Eastern District of Michigan, including conspiracy to commit health care fraud and conspiracy to distribute controlled substances; he was subsequently sentenced to serve approximately sixteen years in prison.[1] (*Id*. ¶ 12.c.-d.) Plaintiff explains that the scheme alleged in the instant Complaint was not charged in the indictment of Patel; however, Plaintiff believes that it was a separate source of illegal income for Patel and his co-conspirators. (*Id*. ¶ 12.e.)

Plaintiff alleges that the financial investigation of Patel revealed that he co-owned a pharmacy in Pittsburgh, Pennsylvania, with Dean Hornbuckle named Troy Pharmacy or Troy Hill Pharmacy, which was further known as Levan Drugs No. 3 LLC d/b/a/ Troy Pharmacy. (*Id*. ¶ 12.f.) According to Plaintiff, the pharmacy operated as both a walk-in pharmacy and an online fulfillment pharmacy; both were located in the same building. (*Id*. ¶ 12.g.) Plaintiff claims that the online portion of the pharmacy allowed customers to purchase medications like Ultram, Tramadol, and Ultracet without a face-to-face consultation with a licensed physician by completing an online medical questionnaire. (*Id*. ¶ 12.h.) DEA Agents believe that the pharmacy was being used to

---

[1]*See United States of America v. Patel, et al.*, No. 2:11-cr-20468-AJT-MKM (E.D. Mich. filed Aug. 2, 2011).

distribute misbranded medications under the false pretense of a doctor/patient relationship to create profits for Patel and Hornbuckle's drug trafficking organization. (*Id.* ¶ 12.i.)

Allegedly, their drug trafficking organization deposited proceeds from the pharmacy scheme into bank accounts located in Pennsylvania, including Huntington Bank and Charter One Bank. (Docket no. 34 at 8.) The funds at issue in this matter, Defendants *in rem*, were seized from those accounts by the DEA pursuant to warrants issued in the Eastern District of Michigan. (*Id.*) On December 23, 2013, Claimant Levan Drugs No. 3, LLC filed an Answer to Plaintiff's Complaint for Forfeiture *in rem* (docket no. 26), a Claim demanding the release of the seized funds (docket no. 29), and the instant Motion for Change of Venue (docket no. 27.)

## II.    Governing Law

Generally, venue is proper in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

A forfeiture action may be brought in "(A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or (B) any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title or any other statute." 28 U.S.C. §§ 1355(b)(1)(A). Pursuant to section 1395, the venue of a forfeiture action is also proper in the district where the claim accrues or the defendant is found, or where the property is found or brought. 28 U.S.C. § 1395(a)-(c). Additionally, "in the case of property of a

4

defendant charged with a violation that is the basis for forfeiture of the property . . . , a proceeding for forfeiture . . . may be brought in the judicial district in which the defendant owning such property is found or in the judicial district in which the criminal prosecution is brought." 21 U.S.C. § 881(j); 18 U.S.C. § 981(h).

28 U.S.C. § 1404(a) governs transfer of a case and provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). District courts have broad discretion to determine when a transfer of venue is appropriate. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). The moving party bears the burden of proving by a preponderance of the evidence that the court should transfer the action. *Steelcase, Inc. v. Smart Technologies, Inc.*, 336 F.Supp.2d 714, 719 (W.D. Mich. 2004); *Thomas v. Home Depot, U.S.A., Inc.*, 131 F.Supp.2d 934, 936 (E.D. Mich. 2001).

As a threshold matter, the district or division to which transfer is proposed must be one in which the case might have been brought. *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964). When this threshold requirement has been met, "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness." *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). The private interests of the parties include the following:

> (1) the convenience to the parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer.

*Campbell v. Hilton Hotels Corp.*, 611 F.Supp. 155, 157 (E.D. Mich. 1985) (citing *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y. 1967)). Public-interest factors include the following: "(i) the enforceability of the judgment; (ii) practical considerations affecting trial management; (iii) docket congestion; (iv) the local interest in deciding local controversies at home; (v) the public policies of the fora; and (vi) the familiarity of the trial judge with the applicable state law." *Steelcase,* 336 F.Supp.2d at 720 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3rd Cir. 1995)). Courts also regularly consider Plaintiff's choice of forum, *see, e.g.*, *id.*, and the existence of a contractual forum-selection clause, *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537-38 (6th Cir. 2002), as significant factors when balancing the parties' interests.

**III.    Analysis**

Claimant seeks a change of venue to the Western District of Pennsylvania for the following reasons: (1) Defendants *in rem* were located in Pennsylvania; (2) all of Claimant's officers, employees, witnesses, and interested parties are located in Pennsylvania; and (3) Claimant is located in Pennsylvania. (Docket no. 27 ¶ 2.) Claimant also reasons that the only connections this matter has to the Eastern District of Michigan are the aforementioned criminal case against Patel and the facts that Claimant is incorporated in Michigan and its incorporating attorney is located in Michigan. (Docket no. 27 ¶ 2; Docket no. 35 ¶ 1.)

To further support its Motion for Change of Venue, Claimant informally challenges the propriety of venue in the Eastern District of Michigan on the basis that Defendants *in rem* were seized in Pennsylvania, a substantial part of the events giving rise to Plaintiff's claims did not occur in this District, and Defendants *in rem* were not brought into this District. (*Id*. ¶¶ 5-6.) Plaintiff contends that the Eastern District of Michigan is a proper venue for this forfeiture action because

Claimant is incorporated in and files an annual statement in Michigan, and the acts giving rise to the forfeiture of Defendants *in rem*, namely online drug sales, occurred in this District. (Docket no. 34 at 10.) The undersigned agrees with Plaintiff and finds that venue is proper in the Eastern District of Michigan.

Turning to whether transfer is appropriate, the parties agree that this action could have been filed in the Western District of Pennsylvania; the undersigned also agrees. This threshold requirement having been satisfied, the undersigned will consider the private and public interests at issue in this matter.[2]

### A. Convenience of the Parties

Claimant asserts that this case should be transferred to the Western District of Pennsylvania because Claimant, its officers, and its employees are located in Pennsylvania. (Docket no. 27 ¶ 2.) With regard to the parties' convenience, a plaintiff's chosen forum is entitled to substantial deference, but it will not defeat a well-founded motion for a change of venue. *Thomas*, 131 F.Supp.2d at 937 (citations omitted). The Eastern District of Michigan is Plaintiff's chosen forum, which weighs against Claimant's Motion.

Claimant is an active Limited Liability Company established in 2010 in Michigan and suggests that its principal place of business is in Pennsylvania. If this is true, it would be more convenient for Claimant to litigate in the Western District of Pennsylvania, which facts weigh in favor of transfer. Nevertheless, Claimant subjected itself to the laws of the State of Michigan when it made a conscious decision to organize, register, and maintain an active status in the State. The

---

[2]The undersigned has eliminated an analysis of those factors that the parties did not address in their briefs.

7

undersigned finds that this factor neither weighs in favor of transfer nor in favor of retention of this matter.

### B.     Convenience of the Witnesses

Courts consider the convenience of the witnesses to be "one of the most important factors in determining whether to grant a motion to change venue under § 1404(a)." *United States v. $35,500.00 in U.S. Currency*, No. 09-11556, 2009 WL 4884977, at *3 (E.D. Mich. Dec. 11, 2009) (Battani, J.) (citing *Thomas*, 131 F.Supp.2d at 937).  In weighing this factor, the residence of a key witness or witnesses is more important than the number of witnesses located in a particular jurisdiction, as the convenience of a key witness may outweigh the convenience of less significant witnesses.  *Thomas*, 131 F.Supp.2d at 937 (citing *SMI-Owen Steel Co., v. St. Paul Fire & Marine Ins. Co.*, 113 F.Supp.2d 1101, 1105 (S.D. Tex. 2000)).  Thus, only when a court is armed with each witness's name and an outline of the material testimony that witness would provide, can it properly assess the convenience of the witnesses.  *Thomas*, 131 F.Supp.2d at 937 (citations omitted).

In its Motion, Claimant states that all of its witnesses except for its attorney are located in Pennsylvania, including those employed by the State of Pennsylvania who inspected and approved Troy Pharmacy's license.  (Docket no. 27 ¶ 7.)  In its Response to Claimant's Motion, Plaintiff challenged the amount of information that Claimant provided regarding its witnesses.  (Docket no. 34 at 14-15.)  Claimant then replied with a list of approximately twenty-five witnesses identified by name and title who are all located in the Pittsburgh, Pennsylvania area.  (Docket no. 35 ¶ 2.)  Claimant contends that it would be inconvenient and cost prohibitive for all of its witnesses to travel to Detroit for trial. (Docket no. 35 ¶¶ 1, 4.)

Plaintiff has not provided the identities of any witnesses, but contends that a number of its key witnesses, including primary DEA agents and customers of the online pharmacy, are located within the Eastern District of Michigan. (Docket no. 34 at 15.) Plaintiff asserts that it intends to use the DEA agents and task force officers assigned to the Eastern District of Michigan to prove the forfeitability of Defendants *in rem*. (*Id.*) Plaintiff further asserts that it would be inconvenient for these witnesses to travel to the Western District of Pennsylvania for court proceedings, depositions, and other case events. (*Id.*)

Although Claimant has identified numerous witnesses, its position is undercut by the fact that it has failed to provide any information regarding their material testimony or who among those identified may be a key witness. Conversely, Plaintiff has identified some of its key witnesses, albeit not by name, and provided the general substance of the DEA case agents' and task force officers' testimony. Based on the lack of information provided, Claimant cannot meet its burden with respect to this factor; therefore this factor weighs slightly against transfer.

### C.     The Relative Ease of Access to Sources of Proof

Claimant states in its Reply that its "sources of proof, including business records and bank records, are in Pittsburgh" and claims that it would be difficult to transport them to Detroit. (Docket no. 35 ¶¶ 1, 4.) Plaintiff contends that transfer would be extremely inconvenient because it has "amassed a significant amount of evidence" in this District with regard to the instant matter. (Docket no. 34 at 15-16.) Plaintiff also asserts that some of the evidence and witnesses from the criminal case against Patel in this District are relevant to the instant matter. (*Id.*) Claimant's one-line argument regarding its sources of proof is vague at best. Furthermore, Claimant has not proffered any information regarding the difficulty of transporting these documents, such as the

volume of documents or the form in which they are stored. Claimant has failed to meet its burden with regard to this factor. Accordingly, this factor weighs moderately against transfer.

### D. The Interests of Justice

In its Reply, Claimant states that "the intersts [sic] of justice favor Pittsburgh . . . ." (Docket no. 35 ¶ 1.) Claimant does not develop this argument in any way. In fact, Plaintiff did not address this factor in its Motion; the statement above is Claimant's only reference to "the interests of justice." Plaintiff asserts that the interests of justice would be served by adjudicating the case in this District because acts giving rise to the forfeiture occurred here, Claimant is incorporated here, and Claimant maintains corporate counsel here. (Docket no. 34 at 16.) Plaintiff also reminds the Court that it has prosecuted a related action in the Eastern District of Michigan and has an ongoing criminal investigation connected to this forfeiture case. (*Id.*) It then asserts that it is in the interests of justice to retain this action in this District to avoid the inconvenience of handing similar actions in different forums. (*Id.*) However the interests of justice might also be served if the case were transferred to the Western District of Pennsylvania because Claimant maintained a storefront in Pittsburgh, and some of the acts giving rise to forfeiture allegedly took place there. Nevertheless, Claimant's silence coupled with Plaintiff's strong showing on this subject weighs heavily against transfer.

### E. Balancing the Factors

Analyzing the issues as presented, the Court finds as follows: (1) the convenience of the parties does not weigh for or against transfer; (2) the convenience of the witnesses weighs slightly against transfer; (3) the relative ease of access to sources of proof weighs moderately against transfer; and (4) the interests of justice weigh heavily against transfer. In sum, one of these factors

bears no weight and three of these factors weigh against transfer. Thus, Claimant does not meet its burden of demonstrating by a preponderance of the evidence that this action should be transferred to the Western District of Pennsylvania. This matter should remain in the United States District Court for the Eastern District of Michigan. The undersigned will deny Claimant's Motion to Change Venue.

**IT IS THEREFORE ORDERED** that Claimant's Motion to Change Venue [27] is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 4, 2014         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: September 4, 2014         s/ Lisa C. Bartlett
                                 Case Manager